<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

❏ Check if this is an
   amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**
   Sunlight Financial Holdings Inc.

**2. All other names debtor used in the last 8 years**
   Spartan Acquisition Corp. II

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)
   85-2599566

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 101     North Tryon Street <br> Number   Street | Number        Street |
| Suite 900 | P.O. Box |
| Charlotte    North Carolina    28246 <br> City      State      ZIP Code | City    State    ZIP Code |
| Mecklenburg <br> County | **Location of principal assets, if different from principal place of business** <br> Number     Street <br><br> City    State    ZIP Code |

**5. Debtor's website** (URL)
   https://www.sunlightfinancial.com

**6. Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other.  Specify:

| Debtor | Sunlight Financial Holdings Inc. | | Case number (if known) | 23-____ ( ) |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5223 – Activities Related to Credit Intermediation

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                              MM/ DD/ YYYY

         District _____  When _____  Case number _____
                                              MM / DD/ YYYY

Debtor  Sunlight Financial Holdings Inc.                                    Case number (if known)  23-_____ ( )
Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1           Relationship    See Schedule 1

District    Delaware                When    October 30, 2023
                                                                        MM / DD / YYYY
Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?**  _____
                                                Number            Street

_____
City                State            ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

Contact Name    _____

Phone    _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49                    ☐ 1,000-5,000            ☐ 25,001-50,000
☐ 50-99                   ☒ 5,001-10,000           ☐ 50,001-100,000
☐ 100-199                 ☐ 10,001-25,000          ☐ More than 100,000
☐ 200-999

---

| Debtor | Sunlight Financial Holdings Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | | ☐ $1,000,001-$10 million | | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | | ☐ $10,000,001-$50 million | | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | | ☒ $100,000,001-$500 million | | ☐ More than $50 billion |
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | | ☐ $1,000,001-$10 million | | ☒ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | | ☐ $10,000,001-$50 million | | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | | ☐ $100,000,001-$500 million | | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    October 30, 2023
MM / DD/ YYYY

✗ /s/ Matthew R. Potere                      Matthew R. Potere
Signature of authorized representative of debtor      Printed name

Chief Executive Officer
Title

**18. Signature of attorney**

✗ /s/ Daniel J. DeFranceschi          Date    October 30, 2023
Signature of attorney for debtor                MM / DD / YYYY

Daniel J. DeFranceschi                Ray C. Schrock
Printed Name

Richards, Layton & Finger, P.A.        Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street      767 Fifth Avenue
Address

Wilmington, Delaware 19801            New York, New York 10153
City/State/Zip

(302) 651-7700                (212) 310-8000
Contact Phone

defranceschi@rlf.com              ray.schrock@weil.com
Email Address

2732          Delaware
Bar Number    State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                         :

**In re**                            :         **Chapter 11**

                                     :

**SUNLIGHT FINANCIAL HOLDINGS INC.,**   :         **Case No. 23–_____ (    )**

                                     :

               **Debtor.**                   :

                                     :

-------------------------------------------------------- x

## Attachment to Voluntary Petition for
## Non-Individuals Filing for Bankruptcy under Chapter 11

       1.         If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39739

       2.         The following financial data is the latest available information and refers to the debtor's condition on August 31, 2023.

           a.   Total assets                             $403,848,901

           b.   Total debts (including debts listed in 2.c., below)     $173,943,096

           c.   Debt securities held by more than 500 holders     None.

|  |  |  |  | Approximate number of holder |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | N/A |

           d.   Number of shares of preferred stock                    0
           e.   Number of shares common stock (Class A)      4,327,955
           f.   Number of shares common stock (Class C)      2,248,678

        Comments, if any: _____

       3.         Brief description of debtor's business: Sunlight Financial Holdings Inc. operates a business-to-business-to-consumer, technology-enabled point-of-sale financing platform.  The Company provides solar and home improvement contractors across the United States with the ability to offer homeowners loans funded by the Company's capital providers.  The Company uses proprietary technology and deep credit expertise to simplify the financing process for contractors and installers, capital providers, and homeowners, successfully helping over 125,000 homeowners install residential solar systems, reduce their carbon footprint, and save money.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| | |
|---|---|
| FTV V, L.P.<br>FTV Management V, L.L.C. | 29.2% |
| Tiger Infrastructure Partners LP<br>Tiger Infrastructure Partners Sunlight Feeder LP<br>Tiger Infrastructure Partners AIV I LP<br>Tiger Infrastructure Partners Co-Invest B LP<br>Emil W. Henry, Jr. | 9.7% |
| Spartan Acquisition Sponsor II LLC<br>AP Spartan Energy Holdings II, L.P.<br>Apollo ANRP Advisors III, L.P.<br>Apollo ANRP Capital Management III, LLC<br>APH Holdings, L.P.<br>Apollo Principal Holdings III GP, Ltd. | 8.5% |

## **Schedule 1**

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Sunlight Financial Holdings Inc.

| COMPANY |
| --- |
| Sunlight Financial Holdings Inc. |
| SL Financial Holdings Inc. |
| SL Financial Investor I LLC |
| SL Financial Investor II LLC |
| Sunlight Financial LLC |

OFFICER'S CERTIFICATE

OF

SUNLIGHT FINANCIAL HOLDINGS INC.

October 30, 2023

The undersigned, Matthew Potere, Chief Executive Officer of Sunlight Financial Holdings Inc., a Delaware corporation (the "**Company**"), hereby certifies as follows:

A.  I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B.  Attached hereto as **Exhibit A** is a true, complete and correct copy of the Resolutions adopted by the Board of Directors of the Company in accordance with the Certificate of Incorporation of the Company; and

C.  Such Resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

DocuSigned by:

*Matthew Potere*

F19434515566498

Matthew Potere
Chief Executive Officer

## Exhibit A

**Resolutions**

# RESOLUTIONS OF THE
# BOARD OF DIRECTORS OF
# SUNLIGHT FINANCIAL HOLDINGS INC.

### October 30, 2023

**WHEREAS**, the board of directors (the "**Board**") of Sunlight Financial Holdings Inc. (the "**Company**") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to consider, and has considered, the strategic alternatives available to the Company;

**WHEREAS**, the Board previously delegated to a committee of five (5) independent members of the Board (the "**Independent Committee**"), certain responsibilities, powers, and authority to, among other things, consider, evaluate, and provide a recommendation to the Board with respect to various strategic alternatives for the Company and its subsidiaries, including with respect to a potential restructuring of the Company's indebtedness and any related actions that the Independent Committee considers necessary, proper or advisable to carry out its mandate;

**WHEREAS**, the Board previously delegated to a committee of one (1) independent director to oversee a review of the Company's claims and causes of action and evaluate a potential change of control transaction, including the appropriateness or necessity of including any releases in a chapter 11 filing and plan of reorganization (the "**Plan**") by the Company (the "**Independent Transaction Review Committee**");

**WHEREAS**, the Independent Committee has, with the assistance of management and the legal and financial advisors of the Company, considered various strategic alternatives available to the Company and approved and recommended to the Board that the actions contemplated hereby are desirable and in the best interests of the Company, its creditors, and other parties in interest;

**WHEREAS**, the investigation of the Independent Transaction Review Committee shall continue up and until it concludes prior to confirmation of the Plan;

**WHEREAS**, the Board, having considered the terms and conditions of that certain restructuring support agreement by and among the Company, SL Financial Holdings Inc., SL Financial Investor I LLC, SL Financial Investor II LLC, Sunlight Financial LLC, ED Umbrella Holdings, LLC (the "**Plan Sponsor**"), Cross River Bank, a New Jersey state-chartered bank ("**CRB**") and certain holders of the Company's Class A common stock (the "**Restructuring Support Agreement**"), the Plan and the disclosure statement with respect to the Plan (the "**Disclosure Statement**") and having consulted with the Company's management and having received and considered advice from the Company's legal and financial advisors, deems it desirable and in the best interests of the Company to approve the Restructuring Support

Agreement, the Plan and the Disclosure Statement, and the exhibits attached thereto in each case, on terms and conditions substantially similar to those set forth in the form of the Restructuring Support Agreement, Plan, and the Disclosure Statement provided to the Board;

**WHEREAS**, the Board, having consulted with the Company's management and having received and considered advice from the Company's legal and financial advisors, deems it desirable and in the best interests of the Company to approve the materials presented to the Board with respect to the solicitation of votes on the Plan (collectively, the "**Solicitation Materials**"), including the Disclosure Statement;

**WHEREAS**, CRB is a holder of (i) outstanding first lien secured debt obligations under that certain Loan and Security Agreement, dated as of April 25, 2023 (as amended by the Omnibus Waiver and Amendment to Loan and Security Agreement and Loan Program Agreements, dated as of September 12, 2023 (the "**Waiver and Amendment**"), and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**Loan and Security Agreement**"), by and between Sunlight Financial LLC, as borrower, and SL Financial Holdings Inc., as guarantor, and CRB, (ii) outstanding obligations under that certain Second Amended and Restated Loan Program Agreement, dated as of April 25, 2023 (as amended by the Waiver and Amendment, and as further amended, modified, or otherwise supplemented from time to time, the "**Solar Loan Program Agreement**"), by and among Sunlight Financial LLC, SL Financial Holdings Inc., as guarantor, and CRB, (iii) outstanding obligations under that certain Second Amended and Restated Loan Sale Agreement, dated as of April 25, 2023 (as amended, modified, or otherwise supplemented from time to time, the "**Solar Loan Sale Agreement**" and, together with the Solar Loan Program Agreement, the "**Solar Program Agreements**"), by and between Sunlight Financial LLC, for itself and on behalf of any purchaser executing a purchaser joinder agreement thereunder, and CRB, (iv) outstanding obligations under that certain Amended and Restated Home Improvement Loan Program Agreement, dated as of April 25, 2023, by and among Sunlight Financial LLC, SL Financial Holdings Inc., as guarantor, and CRB (as amended by the Waiver and Amendment, and as further amended, modified, or otherwise supplemented from time to time, the "**HI Loan Program Agreement**"), and (v) outstanding obligations under that certain Amended and Restated Home Improvement Loan Sale Agreement dated as of April 25, 2023 (as amended, modified, or otherwise supplemented from time to time, the "**HI Loan Sale Agreement**" and, together with the HI Loan Program Agreement, the "**HI Program Agreements**" and, the HI Program Agreements collectively with the Solar Program Agreements, the "**Loan Program Agreements**"), by and between Sunlight Financial LLC, for itself or on behalf of any purchaser executing a purchaser joinder agreement thereunder, and CRB;

**WHEREAS**, in connection with the Chapter 11 Cases, the Board has considered providing adequate protection to CRB as holder of the foregoing outstanding obligations under the Loan and Security Agreement and the Loan Program Agreements pursuant to a consensual cash collateral order (the "**DIP Order**"), on terms and conditions similar to those provided to the Board;

**WHEREAS**, the Board, having considered the terms and conditions of the DIP Order, and having consulted with the Company's legal team and financial advisors, deems it advisable and in the best interests of the Company, to enter into the transactions contemplated in the DIP Order; and

**WHEREAS**, the Board, upon the recommendation of the Independent Committee and after due consultation with the management and the legal and financial advisors of the Company, has determined that taking the actions set forth below are in the best interests of the Company and, therefore, desires to adopt, authorize, and approve the following resolutions:

## I.        Commencement of the Chapter 11 Cases

**NOW, THEREFORE, BE IT RESOLVED,** that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that Matthew R. Potere, as Chief Executive Officer of the Company, and any officer of the Company (each such person, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, deliver and file with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices, and other documents (the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (collectively, the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.        Investment Agreement

**RESOLVED**, that in connection with the Chapter 11 Cases and pursuant to the Restructuring Support Agreement, the Board has determined that it is desirable and in the best interests of the Company to enter into that certain Investment Agreement, by and between the Company and the Plan Sponsor (as the buyer thereunder) (the "**Investment Agreement**"), on the terms and conditions substantially similar to those set forth in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Investment Agreement, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any Authorized Person executing the same may in such Authorized Person's discretion deem necessary or appropriate, the execution of the Investment Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be and is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute, and to cause the Company to deliver, certify, file and/or record, the Investment Agreement and such other documents, agreements, instruments and certificates as may be required by the Investment Agreement; and be it further

III.        **Escrow Agreement**

**RESOLVED**, that in connection with the Chapter 11 Cases and pursuant to the Investment Agreement and the Restructuring Support Agreement, the Board has determined that it is desirable and in the best interests of the Company to enter into that certain Escrow Agreement, by and between the Company, the Plan Sponsor as the buyer and Citibank, N.A., a national banking association, as the escrow agent (the "**Escrow Agreement**"), on the terms and conditions substantially similar to those set forth in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Escrow Agreement, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as Authorized Person executing the same may in such Authorized Person's discretion deem necessary or appropriate, the execution of the Escrow Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be and hereby is authorized, empowered, and directed, in the name and on behalf of the Company, to execute, and to cause the Company to deliver, certify, file and/or record, the Escrow Agreement and such other documents, agreements, instruments and certificates as may be required by the Escrow Agreement; and be it further

IV.        **TRA Amendment**

**RESOLVED**, that in connection with the Chapter 11 Cases and pursuant to the Restructuring Support Agreement, the Board has determined, that it is desirable and in the best interests of the Company to amend that certain Tax Receivable Agreement, dated as of July 9, 2021 (the "**TRA**"), by entering into that certain Amendment to Tax Receivable Agreement, by and between the Company and certain holders under the TRA (the "**TRA Amendment**"), substantially in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms, settlement and compromises, and provisions of the TRA Amendment, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as Authorized Person executing the same may in such Authorized Person's discretion deem necessary or appropriate, the execution of the TRA Amendment to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be and hereby is authorized, empowered, and directed, in the name and on behalf of the Company, to execute, and to cause the Company to deliver, certify, file and/or record, the TRA Amendment and such other documents, agreements, instruments and certificates as may be required by the TRA Amendment; and be it further

V.        **Funding Commitment Backstop Agreement**

**RESOLVED**, that the Board has determined, that it is desirable and in the best interests of the Company to enter into that certain Backstop Commitment Letter by and between the Company, Sunlight Financial LLC, SL Financial Investor I LLC, SL Financial Investor II LLC, SL Financial Holdings Inc. and CRB (the "**Funding Commitment Backstop Agreement**"), substantially in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Funding Commitment Backstop Agreement, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as Authorized Person executing the same may in such Authorized Person's discretion deem necessary or appropriate, the execution of the Funding Commitment Backstop Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be and hereby is authorized, empowered, and directed, in the name and on behalf of the Company, to execute, and to cause the Company to deliver, certify, file and/or record, the Funding Commitment Backstop Agreement and such other documents, agreements, instruments and certificates as may be required by the Funding Commitment Backstop Agreement; and be it further

VI.       **Restructuring Support Agreement**

**RESOLVED**, that in connection with the Chapter 11 Cases, the Board has determined, that it is desirable and in the best interests of the Company to enter into the Restructuring Support Agreement, substantially in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as Authorized Person executing the same may in such Authorized Person's

discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute, and to cause the Company to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Plan attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement; and be it further

## VII.      Plan and Disclosure Statement

RESOLVED, that the form, terms, settlements and compromises and provisions of the Plan and the related Disclosure Statement and the execution, delivery, filing and performance thereof and the consummation of the transactions contemplated thereunder are hereby authorized, approved, and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary and appropriate, it being acknowledged that the execution of the Plan and/or the Disclosure Statement, and such other documents, agreements, instruments and certificates as may be required by the Plan and the Disclosure Statement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and to cause the Company to deliver any amendments, supplements, modifications, restatements, waivers, substitutions, and extensions of the Plan and/or Disclosure Statement; and be it further

## VIII.     Solicitation Materials

RESOLVED, that the Solicitation Materials, substantially in the form provided to the Board, are hereby approved and the solicitation of votes on the Plan prior to commencement of any Chapter 11 Cases is hereby authorized, approved, and declared advisable in the best interests of the Company; and be it further

## IX.      DIP Order

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, , in the name and on behalf of the Company, to take such action as such Authorized Person deems necessary or appropriate to cause the Company to complete the transactions contemplated by the DIP Order, including, but not limited to, the filing and/or execution and delivery of each of the documents and instruments to be executed by the Company which are described in or contemplated by the DIP Order, and any and all other agreements, documents, or instruments required or appropriate in connection with or incidental to the transactions contemplated by each of the foregoing; and be it further

X.                **Retention of Advisors**

  **RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

  **RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Avenue, New York, New York 10022, to be retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that the firm of Guggenheim Partners, LLC, located at 330 Madison Avenue, New York, New York 10017, to be retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that the firm of McGuireWoods LLP, located at Tower Two-Sixty, 260 Forbes Avenue #1800, Pittsburgh, PA 15222, to be retained as counsel for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that the firm of Omni Agent Solutions, Inc., located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, to be retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that the firm of Richards, Layton & Finger, PA, located at 920 N King St, Wilmington, DE 19801, to be retained as local counsel for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

  **RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

XI.            **"First Day" Declarant**

        **RESOLVED**, that in light of the familiarity and experience of Matthew R. Potere ("**Mr. Potere**") with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, the Board has determined it is appropriate and in the best interest of the Company to authorize Mr. Potere to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

        **RESOLVED,** that Mr. Potere is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and further authorizes and empowers Mr. Potere to act as signatory on the Restructuring Support Agreement, Plan and the Disclosure Statement, to engage in negotiations with the Company's key stakeholders, and to make the Company's determination regarding the need for First Day Relief; and be it further

XII.            **General Authorization and Ratification**

        **RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, with the oversight or authority, as applicable, of the Board, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

        **RESOLVED**, that each Authorized Person of the Company is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary, convenient, appropriate, advisable or desirable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of the Company; and be it further

        **RESOLVED**, that any person dealing with any Authorized Person or persons designated and authorized to act by any such Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person or persons designated and authorized to act by such Authorized Person and by their execution of any document, agreement or instrument, the same to be a valid and binding obligation of the Company enforceable in accordance with its terms; and be it further

**RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person, any one of whom may act without the joinder of any of the others, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED**, that any actions taken by any Authorized Person, for or on behalf of the Company, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Company; and be it further

**RESOLVED**, that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry

_____
By: Brad Bernstein

_____
By: Jeanette Gorgas

_____
By: Toan Huynh

_____
By: Jennifer D. Nordquist

_____
By: Matthew R. Potere

_____
By: Philip Ryan

_____
By: Kenneth Shea

_____
By: Joshua Siegel

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry

_Brad Bernstein_
DocuSigned by:
6AA024BB495544F...
_____
By: Brad Bernstein

_____
By: Jeanette Gorgas

_____
By: Toan Huynh

_____
By: Jennifer D. Nordquist

_____
By: Matthew R. Potere

_____
By: Philip Ryan

_____
By: Kenneth Shea

_____
By: Joshua Siegel

[*SIGNATURE PAGE TO BOARD RESOLUTIONS OF SUNLIGHT FINANCIAL HOLDINGS INC.*]

DocuSign Envelope ID: 92D6F7C5-678F-461B-A8F1-B555CD836F91

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry


_____
By: Brad Bernstein


_____
By: Jeanette Gorgas


_____
By: Toan Huynh


_____
By: Jennifer D. Nordquist


_____
By: Matthew R. Potere


_____
By: Philip Ryan


_____
By: Kenneth Shea


_____
By: Joshua Siegel


*[SIGNATURE PAGE TO BOARD RESOLUTIONS
OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry

_____
By: Brad Bernstein

_____
By: Jeanette Gorgas

_____
By: Toan Huynh

_____
By: Jennifer D. Nordquist

_____
By: Matthew R. Potere

_____
By: Philip Ryan

_____
By: Kenneth Shea

_____
By: Joshua Siegel

[*SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.*]

DocuSign Envelope ID: DF0608F5-04BC-4336-A77F-63B36A0F6085

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____

By: Emil Henry

_____

By: Brad Bernstein

_____

By: Jeanette Gorgas

_____

By: Toan Huynh

_____

By: Jennifer D. Nordquist

_____

By: Matthew R. Potere

_____

By: Philip Ryan

_____

By: Kenneth Shea

_____

By: Joshua Siegel

*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry

_____
By: Brad Bernstein

_____
By: Jeanette Gorgas

_____
By: Toan Huynh

_____
By: Jennifer D. Nordquist

_____
By: Matthew Potere

_____
By: Philip Ryan

_____
By: Kenneth Shea

_____
By: Neal Goldman

*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____
By: Emil Henry


_____
By: Brad Bernstein


_____
By: Jeanette Gorgas


_____
By: Toan Huynh


_____
By: Jennifer D. Nordquist


_____
By: Matthew R. Potere

DocuSigned by:

PHILIP RYAN

F1D4369C28BB48F...
_____
By: Philip Ryan


_____
By: Kenneth Shea


_____
By: Joshua Siegel


*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____

By: Emil Henry

_____

By: Brad Bernstein

_____

By: Jeanette Gorgas

_____

By: Toan Huynh

_____

By: Jennifer D. Nordquist

_____

By: Matthew R. Potere

_____

By: Philip Ryan

*Kenneth Shea*
_____

By: Kenneth Shea

_____

By: Joshua Siegel

*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____

By: Emil Henry

_____

By: Brad Bernstein

_____

By: Jeanette Gorgas

_____

By: Toan Huynh

_____

By: Jennifer D. Nordquist

_____

By: Matthew R. Potere

_____

By: Philip Ryan

_____

By: Kenneth Shea

DocuSigned by:



AFFA4CF9B2E04D9...

By: Joshua Siegel

*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

DocuSign Envelope ID: 5C95486A-B627-4F45-BC67-B5FAA9AC357D

**IN WITNESS WHEREOF,** the undersigned being the Board of Directors of Sunlight Financial Holdings Inc., has executed this written consent as of the date first set forth above.

_____

By: Emil Henry

_____

By: Brad Bernstein

_____

By: Jeanette Gorgas

_____

By: Toan Huynh

_____

By: Jennifer D. Nordquist

_____

By: Matthew R. Potere

_____

By: Philip Ryan

_____

By: Kenneth Shea

_____

By: Joshua Siegel

_____
D67DA9A0FF1S4AD...

By: Neal Goldman

*[SIGNATURE PAGE TO BOARD RESOLUTIONS*
*OF SUNLIGHT FINANCIAL HOLDINGS INC.]*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:  Sunlight Financial Holdings Inc.

United States Bankruptcy Court for the  District of Delaware
 (State)

Case number (*If known*):      23-_____ ( )

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Georgia's Own Credit Union Attn.:  David Preter, CEO 100 Peachtree Street, Suite 2800 Atlanta, Georgia 30303 | Attn.:  David Preter, CEO Phone:  (404) 874-1166 Email:  david.preter@georgiasown.org | Bank Loans | Unliquidated | | | $1,004,824.50 |
| 2 | CapGemini America Inc. Attn.:  Jim Bailey, CEO, Americas 79 Fifth Avenue, 3rd Floor New York, New York 10003 | Attn.:  Jim Bailey, CEO, Americas Phone:  (973) 337-2700 Email:  jim.bailey@capgemini.com | Trade Payables | | | | $226,604.00 |
| 3 | Turnstile Capital Management, LLC Attn.:  Viv Woolford, VP, Sales & Recovery 402 West Broadway, 20th Floor San Diego, California 92101 | Attn.:  Viv Woolford, VP, Sales & Recovery Phone:  (877) 411-3582 Email:  viv@woolfordfinancial.com | Trade Payables | | | | $133,581.06 |
| 4 | 101 N Tryon, LLC Attn.:  Ned Austin, VP, Leasing - Crescent Communities, LLC 227 West Trade Street, Suite 1000 Charlotte, North Carolina 28202 | Attn.:  Ned Austin, VP, Leasing – Crescent Communities, LLC Phone:  (980) 321-6000 Email: naustin@crescentcommunities.com | Trade Payables | | | | $110,531.40 |
| 5 | ITA Group Attn.:  Brent Vander Waal, President & CEO 4600 Westown Parkway West Des Moines, Iowa 50266 | Attn.:  Brent Vander Waal, President & CEO Phone:  (800) 257-1985 Email:  bvanderwaal@itagroup.com | Trade Payables | | | | $70,608.10 |
| 6 | Great America Portfolio Services Group Attn.:  Joe Andries, VP & General Manager One GreatAmerica Plaza 625 1st Street SE, Suite 200 Cedar Rapids, Iowa 52401 | Attn.:  Joe Andries, VP & General Manager Phone:  (800) 234-8787 Email:  jandries@greatamerica.com | Trade Payables | | | | $68,224.20 |
| 7 | Omnidian, Inc. Attn.:  Mark Liffmann, CEO & Founder 107 Spring Street Seattle, Washington 98104 | Attn.:  Mark Liffmann, CEO & Founder Phone:  (800) 597-9127 Email:  mliffmann@omnidian.com | Trade Payables | | | | $68,071.50 |
| 8 | Veracode, Inc. Attn.:  Sam King, CEO 65 Blue Sky Drive Burlington, Massachusetts 01803 | Attn.:  Sam King, CEO Phone:  (339) 674-2500 Email:  sking@veracode.com | Trade Payables | | | | $52,319.25 |

| Debtor | Sunlight Financial Holdings Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Genability Inc.<br>Attn.: Kiran Bhatraju, Founder & CEO, Arcadia<br>555 11th Street NW<br>Washington, District of Columbia 20005 | Attn.: Kiran Bhatraju, Founder & CEO, Arcadia<br>Phone: (415) 371-0136<br>Email: bhatraju@arcadiapower.com | Trade Payables | | | | $30,000.00 |
| 10 | RingCentral Inc.<br>Attn.: Mo Katibeh, President & COO<br>20 Davis Drive<br>Belmont, California 94002 | Attn.: Mo Katibeh, President & COO<br>Phone: (833) 325-0483<br>Email: mo@ringcentral.com | Trade Payables | | | | $24,862.21 |
| 11 | RiskExec, LLC<br>Attn.: Anurag Agarwal, President<br>8331 E Walker Springs Lane, Suite 204<br>Knoxville, Tennessee 37923 | Attn.: Anurag Agarwal, President<br>Phone: (202) 765-2150<br>Email: aagarwal@asurity.com | Trade Payables | | | | $18,000.00 |
| 12 | Microsoft Corporation<br>Attn.: Satya Nadella, Chairman & CEO<br>One Microsoft Way<br>Redmond, Washington 98052 | Attn.: Satya Nadella, Chairman & CEO<br>Phone: (425) 882-8080<br>Email: satya@microsoft.com | Trade Payables | | | | $16,174.72 |
| 13 | The Hartford<br>Attn.: Christopher Swift, Chairman & CEO<br>690 Asylum Avenue<br>Hartford, Connecticut 06155 | Attn.: Christopher Swift, Chairman & CEO<br>Phone: (860) 547-5000<br>Email: christopher.j.swift@thehartford.com | Trade Payables | | | | $15,770.50 |
| 14 | CloudMyBiz, Inc.<br>Attn.: Mike Walsh, CEO<br>15303 Ventura Boulevard, 9th Floor<br>Sherman Oaks, California 91403 | Attn.: Mike Walsh, CEO<br>Phone: (877) 703-4488<br>Email: mike@cloudmybiz.com | Trade Payables | | | | $14,742.00 |
| 15 | CoreLogic Solutions LLC<br>Attn.: Jim Balas, CFO<br>40 Pacifica, Suite 900<br>Irvine, California 92618 | Attn.: Jim Balas, CFO<br>Phone: (800) 426-1466<br>Email: jbalas@corelogic.com | Trade Payables | | | | $12,621.58 |
| 16 | Thomson Reuters<br>Attn.: Steve Hasker, President & CEO<br>610 Opperman Drive<br>Eagan, Minnesota 55123-1396 | Attn.: Steve Hasker, President & CEO<br>Phone: (651) 687-7000<br>Email: steve.hasker@thomsonreuters.com | Trade Payables | | | | $11,122.40 |
| 17 | Zoho Corporation<br>Attn.: Sridhar Vembu, CEO<br>4708 Highway 71 E<br>Del Valle, Texas 78617-3216 | Attn.: Sridhar Vembu, CEO<br>Phone: (888) 900-9646<br>Email: svembu@zohocorp.com | Trade Payables | | | | $9,480.00 |
| 18 | Harland Clarke<br>Attn.: Paul Mandeville, Chief Product Officer<br>15955 La Cantera Parkway<br>San Antonio, Texas 78256 | Attn.: Paul Mandeville, Chief Product Officer<br>Phone: (210) 697-8888<br>Email: paul.mandeville@vericast.com | Trade Payables | | | | $9,039.72 |
| 19 | Verdata, Inc.<br>Attn.: Mike Mondelli, CEO<br>1717 E Cary Street<br>Richmond, Virginia 23223 | Attn.: Mike Mondelli, CEO<br>Phone: (404) 307-8539<br>Email: mike.mondelli@verdata.com | Trade Payables | | | | $2,763.00 |

| Debtor | Sunlight Financial Holdings Inc. | Case number (if known) | 23-_____  (   ) |
|---|---|---|---|
|  | Name |  |  |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
|  |  |  |  | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  TLO Inc. Attn.:  Chris Cartwright, President & CEO, Transunion 555 W Adams Street Chicago, Illinois 60661 | Attn.:  Chris Cartwright, President & CEO, Transunion Phone:  (312) 985-2000 Email: chris.cartwright@transunion.com | Trade Payables |  |  |  | $2,684.03 |
| 21  Toppan Merrill LLC Attn.:  Cindy Sattler, CFO 1325 Avenue of the Americas, 33rd Floor New York, New York 10019 | Attn.:  Cindy Sattler, CFO Phone:  (800) 688-4400 Email: cindysattler@toppanmerrill.com | Trade Payables |  |  |  | $930.00 |
| 22  Twilio Inc. Attn.:  Jeff Lawson, Co-Founder, CEO & Chairman 101 Spear Street, Floor 5 San Francisco, California 94105-1554 | Attn.:  Jeff Lawson, Co-Founder, CEO & Chairman Phone:  (415) 390-2337 Email:  jlawson@twilio.com | Trade Payables |  |  |  | $843.48 |
| 23  Corporation Service Company Attn.:  Rod Ward, President & CEO 251 Little Falls Drive Wilmington, Delaware 19808 | Attn.:  Rod Ward, President & CEO Phone:  (866) 403-5272 Email:  rod.ward@cscglobal.com | Trade Payables |  |  |  | $780.00 |
| 24  Giact Systems, LLC Attn.:  Melissa Townsley, CEO 700 Central Expressway S, Suite 300 Allen, Texas 75013 | Attn.:  Melissa Townsley, CEO Phone:  (866) 918-2409 Email:  melissa.townsley@giact.com | Trade Payables |  |  |  | $751.25 |
| 25.  Charlotte Plantscapes Inc. Attn.:  Diane Schwab, Founder & Owner 6735 Reames Road, Suite 500 Charlotte, North Carolina 28216 | Attn.:  Diane Schwab, Founder & Owner Phone:  (704) 529-1399 Email: dianeschwab@charlotteplantscapes.com | Trade Payables |  |  |  | $469.59 |
| 26  Interior Foliage Design Inc. Attn.:  Matthew Schechter, Principal 47-47 58th Street Woodside, New York 11377 | Attn.:  Matthew Schechter, Principal Phone:  (718) 784-4527 Email:  matthew@interiorfoliage.com | Trade Payables |  |  |  | $202.51 |
| 27  E-Oscar Attn.:  Chris Cartwright, President & CEO, Transunion Dept. 224501 P.O. Box 55000 Detroit, Michigan 48255-2245 | Attn.:  Chris Cartwright, President & CEO, Transunion Phone:  (800) 437-9102 Email: chris.cartwright@transunion.com | Trade Payables |  |  |  | $30.00 |
| 28  None |  |  |  |  |  |  |
| 29  None |  |  |  |  |  |  |
| 30  None |  |  |  |  |  |  |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                               :

In re                           :        Chapter 11
                                 :

**SUNLIGHT FINANCIAL HOLDINGS INC.,**  :      Case No. 23–_____ (    )
                               :

              **Debtor.**          :
                               :

-------------------------------------------------------- x

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting certain of the ownership interests in Sunlight Financial Holdings Inc. (the "**Parent**") and its debtor affiliates, as proposed debtors and debtors in possession (the "**Debtor Affiliates**" and together with the Parent, the "**Debtors**"). The Debtors respectfully represent as follows:

1. Equity in the Parent is represented by Class A Common Stock and Class C Common Stock. Equity in the Parent is held as follows: 29.2% held by FTV V, L.P and an affiliated entity, 9.7% held by Tiger Infrastructure Partners and affiliated entities, 8.7% held by Spartan Acquisition Sponsor II LLC and affiliated entities, and 52.6% widely held by other shareholders in the aggregate.

2. Sunlight Financial Holdings Inc. directly owns 100% of the ownership interests in SL Financial Holdings Inc.

3. SL Financial Holdings Inc. directly owns 100% of the ownership interests in each of SL Financial Investor I LLC and SL Financial Investor II LLC.

4. Sunlight Financial Holdings Inc. directly owns 30.6% of the ownership interests in Sunlight Financial LLC.

5.      SL Financial Investor I LLC owns 26.3% of the ownership interests in Sunlight Financial LLC.

6.      SL Financial Investor II LLC owns 8.8% of the ownership interests in Sunlight Financial LLC.

7.      The remaining 34.3% interests in Sunlight Financial LLC are owned by various non-Debtor parties as set forth in the list of equity holders attached to the voluntary petition of Sunlight Financial LLC filed contemporaneously herewith.

**<u>Exhibit A</u>**

**Organizational Chart**

**Corporate Structure Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                                         :
In re                                                    :        Chapter 11
                                                         :
SUNLIGHT FINANCIAL HOLDINGS INC.,                        :        Case No. 23–_____ (      )
                                                         :
                          Debtor.                        :
                                                         :
-------------------------------------------------------- x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
|---|---|---|---|
| Cede & Co<br>570 Washington Boulevard<br>Jersey City, NJ 07310-1617 | Common Stock – Series A | 47.0789% | 2,037,510 |

---

[1] This list reflects registered holders of Sunlight Financial Holdings Inc.'s ordinary shares.  It is based on information from an analysis of the share registry as of October 26, 2023.  The listed addresses are based on information publicly available to the Debtors as of the date hereof.  This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  By separate motion filed contemporaneously herewith, the Debtor is requesting a modification of the requirement under Rule 1007 to file a list of all of its equity security holders.

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
|---|---|---|---|
| FTV V, L.P.<br>601 California Street, Floor 19<br>San Francisco, CA 94108-2824 | Common Stock – Series A | 29.196% | 1,263,577 |
| Tiger Infrastructure Partners Co-Invest B LP.<br>717 Fifth Avenue, Floor 12A<br>New York, NY 10022 | Common Stock – Series A | 9.748% | 421,878 |
| Spartan Acquisition Sponsor II LLC<br>9 W 57th Street, Floor 43<br>New York, NY 10019-2700 | Common Stock – Series A | 8.477% | 366,863 |
| Neil Z. Auerbach<br><br>*Address on File* | Common Stock – Series A | 1.155% | 50,000 |
| Wilson Chang<br><br>*Address on File* | Common Stock – Series A | 0.899% | 38,901 |
| Michael G. Ruehlman<br><br>*Address on File* | Common Stock – Series A | 0.582% | 25,185 |
| Global Atlantic<br>10 W Market Street, Suite 2300<br>Indianapolis, IN 46204-2954 | Common Stock – Series A | 0.569% | 24,630 |
| Joshua M. Goldberg<br><br>*Address on File* | Common Stock – Series A | 0.265% | 11,470 |
| Nora Dahlman<br><br>*Address on File* | Common Stock – Series A | 0.248% | 10,748 |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
| --- | --- | --- | --- |
| Linh Ha<br><br>*Address on File* | Common Stock – Series A | 0.223% | 9,665 |
| Arena Capital Fund LP - Series 4<br>12121 Wilshire Boulevard, Suite 1010<br>Los Angeles, CA 90025-1164 | Common Stock – Series A | 0.173% | 7,500 |
| Arena Capital Fund LP - Series 6<br>12121 Wilshire Boulevard, Suite 1010<br>Los Angeles, CA 90025-1164 | Common Stock – Series A | 0.173% | 7,500 |
| Western Alliance Bank<br>1 E Washington Street, Suite 1400<br>Phoenix, AZ 85004-2559 | Common Stock – Series A | 0.165% | 7,153 |
| Duncan Hinkle<br><br>*Address on File* | Common Stock – Series A | 0.129% | 5,594 |
| Brent Miller<br><br>*Address on File* | Common Stock – Series A | 0.095% | 4,117 |
| Ren Scott<br><br>*Address on File* | Common Stock – Series A | 0.077% | 3,352 |
| Jan C. Wilson<br><br>*Address on File* | Common Stock – Series A | 0.058% | 2,500 |
| John M. Stice<br><br>*Address on File* | Common Stock – Series A | 0.058% | 2,500 |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
|---|---|---|---|
| Zafreen Husain<br><br>*Address on File* | Common Stock – Series A | 0.050% | 2,148 |
| Justin Carpenter<br><br>*Address on File* | Common Stock – Series A | 0.043% | 1,848 |
| Sunlight Financial Holdings Inc.<br>101 N Tryon Street, Suite 900<br>Charlotte, NC 28246-0108 | Common Stock – Series A | 0.038% | 1,626 |
| Jake Hoppe<br><br>*Address on File* | Common Stock – Series A | 0.036% | 1,537 |
| Liz Kebel<br><br>*Address on File* | Common Stock – Series A | 0.036% | 1,541 |
| CST as Escrow Agent for<br>Sunlight Financial Holdings Inc.<br>1 State Street, Floor 30<br>New York, NY 10004-1571 | Common Stock – Series A | 0.024% | 10,375 |
| Lauren Dykstra<br><br>*Address on File* | Common Stock – Series A | 0.024% | 1,049 |
| Kimberly Brillantes<br><br>*Address on File* | Common Stock – Series A | 0.020% | 860 |
| King Ngo<br><br>*Address on File* | Common Stock – Series A | 0.020% | 861 |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
|---|---|---|---|
| Rob Williams<br><br>*Address on File* | Common Stock – Series A | 0.019% | 815 |
| Vily Sarbinska<br><br>*Address on File* | Common Stock – Series A | 0.018% | 771 |
| Jennifer Lee<br><br>*Address on File* | Common Stock – Series A | 0.013% | 583 |
| Emily Steinberg<br><br>*Address on File* | Common Stock – Series A | 0.012% | 530 |
| Eugene Pang<br><br>*Address on File* | Common Stock – Series A | 0.012% | 500 |
| Michael Lindel<br><br>*Address on File* | Common Stock – Series A | 0.010% | 426 |
| Tony Delvecchio<br><br>*Address on File* | Common Stock – Series A | 0.010% | 416 |
| Alex Girod<br><br>*Address on File* | Common Stock – Series A | 0.009% | 401 |
| Almira Allaberdina<br><br>*Address on File* | Common Stock – Series A | 0.006% | 240 |

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held | Number of Interests Held |
|---|---|---|---|
| Andrew Blake Artz<br><br>*Address on File* | Common Stock – Series A | 0.006% | 250 |
| Connor Nowinski<br><br>*Address on File* | Common Stock – Series A | 0.006% | 250 |
| Samuel Auerbach<br><br>*Address on File* | Common Stock – Series A | 0.004% | 159 |
| The Tolia-Zaveri Living Trust<br><br>*Address on File* | Common Stock – Series A | 0.003% | 125 |
| Andrew Ivan Carlson<br><br>*Address on File* | Common Stock – Series A | 0.000% | 1 |

**Fill in this information to identify the case:**

Debtor name: Sunlight Financial Holdings Inc.

United States Bankruptcy Court for the District of Delaware
                                                    (State)

Case number (*If known*):    23-_____ (  ) _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☒  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒  Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  October 30, 2023          X  /s/ Matthew R. Potere
              MM /DD /YYYY                  Signature of individual signing on behalf of debtor

                                         Matthew R. Potere
                                         Printed name

                                         Chief Executive Officer
                                         Position or relationship to debtor